# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHARI KAZMEIRCZAK, AARON KAZMIERCZAK, LISA GEIGER, and BRETT GEIGER, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 10 C 05253 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| REPRODUCTIVE GENETICS INSTITUTE, INC. and FEDERAL EXPRESS, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case, removed from the Circuit Court of Cook County, Illinois, on the basis of federal-question jurisdiction, now consists only of state-law claims against one defendant. The plaintiffs move the Court to relinquish its supplemental jurisdiction over the remaining claims and remand the case to state court. For the reasons explained below, the Court grants the motion and remands the case.

**A.     Background**

Two couples, the Kazmierczaks and the Geigers, sued Federal Express and the Reproductive Genetics Institute ("RGI") when six frozen embryos were destroyed in transit from RGI, in Illinois, to a fertility clinic in Michigan. Pursuant to a contract between the couples, the Geigers had donated the embryos to the Kazmierczaks to aid them in conceiving a child through *in vitro* fertilization. After the embryos arrived in Michigan unpreserved, the plaintiffs filed their lawsuit in Illinois state court, invoking four common-law theories of relief: negligence, breach of fiduciary duty, breach of contract, and bailment. Federal Express removed the case to federal court pursuant to 28 U.S.C. § 1441, based upon its federal-question jurisdiction over claims

relating to lost or damaged goods transported by a common carrier. *See Treiber & Staub, Inc. v. United Parcel Service*, 474 F.3d 379 (7th Cir. 2007). Discovery ensued, and nearly two years after removal, and Federal Express moved for summary judgment on all counts against all plaintiffs, primarily arguing that the claims against it were preempted by federal statute. RGI also moved for partial summary judgment, on other grounds. Before responding to Federal Express's motion, the plaintiffs moved to voluntarily dismiss Federal Express and remand the case to state court. This Court granted the motion to dismiss Federal Express with prejudice on July 18, 2012. Now that the claims no longer implicate federal common-carrier law, the plaintiffs want the case returned to state court. RGI objects.

**B.     Discussion**

"When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Management Co., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). "A general presumption in favor of relinquishment applies and is particularly strong where . . . the state-law claims are complex and raise unsettled legal issues." *Id.* If there has been "a substantial investment of the federal court's time," however, the presumption may be overcome. *Id.*

This case now consists solely of state-law claims against RGI. The presumption of relinquishment is strong because the case raises novel issues of law—or, at least questions about the application of familiar principles to a novel and complex context. Among the negligent acts and omissions alleged by the plaintiffs are failures "to properly safeguard embryos," "to properly preserve the cryopreservation tank for transportation," and "to contract with a company familiar with the processes necessary to preserve the embryos." RGI's defenses include arguments that

the embryo donors forfeited all of their rights and interests in the embryos as a result of their contract with the Kazmierczaks. Illinois does not yet have a substantial body of case law addressing the duties and standard of care of fertility clinics involved in the rights of ownership, transport, preservation, and handling of human genetic material.[1] It remains to be seen how Illinois courts will treat different theories of recovery for the wrongful destruction of human embryos, pre-embryos, and genetic material, but given the novelty and importance of these issues, they are best addressed by the state courts in the first instance.[2] *See, e.g.*, 28 U.S.C. § 1367(c)(1) (district court may decline supplemental jurisdiction over "novel or complex issue of state law"); *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 513 (7th Cir. 2010) (dismissal without prejudice of state-law claims would be appropriate "[g]iven the relatively novel issues of Illinois tort law presented by Doe–2's case"); *United States v. Zima*, 766 F.2d 1153, 1158 (7th Cir. 1985) ("[I]n cases involving complex or novel issues of state law, the appellate courts have held that it is an abuse of discretion to retain jurisdiction after the federal issue is disposed of at trial or even on appeal.").

---

[1] The field of reproductive technology is developing rapidly, and RGI does not contest the plaintiffs' assertion that there is not clearly established law in Illinois governing disputes arising in this area. The Court's own research has found few Illinois cases arising in this novel context, and those it has found suffice to demonstrate that the issues may require reconciliation of various lines of precedent to the exigencies of this rapidly developing and often contentious factual context. For example, in 2005 an Illinois trial court allowed a wrongful death claim to go to trial against a fertility clinic that failed to properly freeze a blastocyst, or pre-embryo. *See Miller v. Am. Infertility Group*, No. 02 L 7394 (Cook County, Ill., Cir. Ct. 2005). On interlocutory appeal, the Illinois Appellate Court held that the Illinois Wrongful Death Act "does not allow a cause of action or recovery under the Act for the loss of an embryo created by in vitro fertilization that has not been implanted into the mother." *Miller v. American Infertility Group of Illinois*, 897 N.E.2d 837, 846 (Ill. App. Ct. 2008). The court's analysis involved reconciling the Wrongful Death Act and the Illinois Abortion Law, and parsing the very definition of "human being."

[2] The questions presented in this area are also fertile ground for scholarly inquiry. *See, e.g.*, Lauren Russo, Comment: *Microscopic Americans? A New Conception of the Right to Recover for the Loss of a Pre-Embryo in Tort Law*, 2009 MICH. ST. L. REV. 789, and sources cited therein.

Against the strong presumption of relinquishment, the Court sees no "good reasons" to retain the case. *See Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011). Although this matter has been pending for two years, the Court's participation has been minimal. Discovery was not contentious, and there were no motions to dismiss or other substantive engagement by the Court (indeed, there have been only a handful of court appearances in the case). The present district judge has presided only since June 5, 2012, and the request to remand came only six weeks later. On remand, the parties would have to duplicate some ministerial efforts—such as RGI re-filing its summary-judgment motion—but the state court will not "cover the same ground" because no substantive evaluation has yet been made by this Court. *See Miller v. Herman*, 600 F.3d 726, 748 (7th Cir. 2010) (remand of claims likely to be appropriate where "none of them has yet been addressed in any meaningful way"); *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (even disposing of federal claims on summary judgment not an investment of "substantial judicial resources"). Indeed, full briefing of RGI's motion has not yet occurred. This Court has not made nearly the investment of judicial resources as the district court made in *RWJ*, which "held 35 hearings, issued 45 orders, and considered 70 motions" while the "parties compiled 21 volumes of discovery material." 672 F.3d at 479. But even in that case, remanding to state court was not an abuse of discretion, because the Court's substantive engagement with the legal issues was minimal. *Id.* at 480-81.

Considerations of judicial economy or duplication of efforts, then, are not compelling in this case. And other reasons for retaining supplemental jurisdiction, such as the expiration of a statute of limitations or "an absolutely clear" resolution of the remaining claims, are not present here. *See Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 513-14 (7th Cir.

2009). Indeed, as the partial summary judgment motion would suggest, at least some of the remaining claims will require a trial, leaving their resolution anything but clear.

As a final push for retention of jurisdiction, RGI predicts that it will simply remove the case again once it obtains dismissal against the Geigers (as it is confident it will do), creating complete diversity with the Kazmierczaks, who are domiciled in Michigan. The Court takes no position on the viability of the Geigers' claims other than to note that their proper disposition is not obvious. But even if the state court dismisses the Geigers, RGI overlooks the fact that an Illinois corporation cannot remove a case from state to federal court in Illinois. See 28 U.S.C. § 1441(b)(2). RGI thus far has admitted only that it is a "licensed corporation in the County of Cook, Illinois" Answer, Dkt. 9 ¶ 1, which is meaningless for purposes of diversity jurisdiction. But the Court can and does take judicial notice of the public records showing that RGI is in fact incorporated in Illinois. *Corporation File Detail Report*, Illinois Secretary of State, http://www.ilsos.gov/corporatellc/index.jsp (search results for "Reproductive Genetics Institute, Inc.," September 25, 2012). And that alone makes it a citizen of Illinois for purposes of diversity jurisdiction. *See* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated"). So even if the dismissal of the Geigers were a foregone conclusion, RGI would not be entitled to pop back to federal court by invoking diversity jurisdiction.

For these reasons, the plaintiffs' motion to remand to state court is GRANTED.

Date: September 26, 2012

Honorable John J. Tharp, Jr.
U.S. District Judge